IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA McMAHON, as Parent and :
Guardian of MICHAEL McMAHON :

    v. : Civil Action No. DKC 10-0223

MARY ABEBRESE :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action is Plaintiff's motion for leave to file an amended complaint. (Paper 10). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

## I. Background

The complaint alleges that on April 26, 2008, Michael McMahon was crossing Maryland Route 355 on foot when he was struck by a vehicle driven by Defendant Mary Abebrese. He was thrown at least thirty feet and suffered severe and permanent brain injury. Plaintiff filed a complaint on January, 28, 2010 alleging that Defendant breached her duty to operate her vehicle in a safe and reasonable manner. (Paper 1). Defendant filed an answer on March 23, 2010 denying that she acted negligently. (Paper 6).

On May 20, 2010, Plaintiff filed a motion for leave to amend the complaint, seeking to add as a defendant Mr. Fred Adumattah, Defendant's husband. (Paper 10). Defendant responded in opposition to Plaintiff's motion on June 7, 2010. (Paper 13). Plaintiff filed a reply on June 24, 2010. (Paper 14).

**II. Standard of Review**

As noted above, Plaintiff filed a motion for leave to file an amended complaint on May 20, 2010. (Paper 10). The original scheduling order provided that the deadline for motions to amend pleadings was May 10, 2010. (Paper 8, at 2). Thus, Plaintiff's motion triggers both Fed.R.Civ.P. 15(a) governing amendment of pleadings and Rule 16(b).

Fed.R.Civ.P. 16(b) governs the modification of a scheduling order. Plaintiff has not specifically requested a modification of the scheduling order, but "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). The good cause inquiry primarily "focuses on the timeliness of the amendment and the reasons for its tardy submission" and in particular, on "the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D.Md. 2002). Because a

2

court's scheduling order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril,'" *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375-376 (D.Md. 1999), *quoting Gestetner v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Me. 1985), a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order. If the moving party establishes good cause, the movant then must pass the tests for amendment under 15(a).

Fed.R.Civ.P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Supreme Court has said that

> In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought to amend a complaint should, as the rules require, be "freely given." The grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and

> inconsistent with the spirit of the Federal Rules of Civil Procedure.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, allowing the amended complaint will cause no undue delay, and there is no evidence of any bad faith or dilatory motive. The only real question is whether the proposed amendment would be futile. The standard for futility is the same as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)(amendment is futile if the amended claim would fail to survive motion to dismiss). "Leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient or frivolous on its face." *Cappetta v. GC Services Ltd. Partnership*, 2009 WL 482474 at *4 (4th Cir. 2009)(citing *Davis v. Piper Aircraft Corporation*, 615 F.2d 606, 613 (4th Cir. 1986); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)).

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted). In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III. Analysis**

Plaintiff proposes to amend her complaint to add Mr. Adumattah as a defendant. In the proposed amendment, Plaintiff

5

alleges that Ms. Abebrese was driving Mr. Adumattah's car and acting as his agent at the time of the alleged accident. (Paper 10, Attach. 1, at ¶8). This allegation is supported by the discovery that Mr. Adumattah, rather than Defendant, owns the insurance policy on the vehicle Defendant was driving. (Paper 10, at ¶3-4).

Plaintiff has shown good cause to justify filing an amended complaint a short time after the initial deadline for amending pleadings. Plaintiff does not state when or how she learned that Mr. Adumattah owns the insurance policy on the vehicle, but implies the information became available during discovery. There is no indication that Plaintiff could have advanced a claim against Mr. Adumattah in the initial complaint. Even at the time she filed her motion, Plaintiff had not received Defendant's full answers to interrogatories nor deposed her. (Paper 13, at 2 n.1). Thus, the ownership of the vehicle and the circumstances under which Ms. Abebrese was driving remain unclear. Although the deadline for amendment of pleadings expired, Plaintiff filed the motion for leave to file an amended complaint well within the discovery deadline (August 6, 2010), and only ten days after the amendment deadline. Furthermore, Defendant has not objected on the ground that the motion is untimely.

6

Additionally, Plaintiff's proposed amendment is not clearly insufficient. The fact that Mr. Adumattah, not Defendant, is the owner of the vehicle's insurance policy suggests that he maintains some ownership of the vehicle. If Mr. Adumattah is the owner of the vehicle, an agency relationship with Defendant is presumed under Maryland law. *Toscano v. Spriggs*, 343 Md. 320, 325 (1996) ("There is a presumption that the operator of a motor vehicle is the agent of the owner."). "This presumption is rebuttable, but evidence required to destroy it as a matter of law must be both uncontradicted and conclusive . . . ." *House v. Jerosimich*, 246 Md. 747, 750 (1967).

Defendant argues that Mr. Adumattah is not a proper party to this lawsuit. To rebut Plaintiff's allegations that Defendant was acting as Mr. Adumattah's agent, Defendant refers to her answers to interrogatories. (Paper 13). Defendant also contends that Mr. Adumattah and Defendant are in fact co-owners. Defendant's rebuttal, however, relies on factual matters that have not been fully established through discovery. A motion in support of leave to amend a complaint, as discussed above, is analyzed based on the sufficiency of the allegations. While Defendant disputes the merits of Plaintiff's allegations, a determination of the validity of the agency relationship between Defendant and Mr. Adumattah is inappropriate at this stage.

As Plaintiff's allegations support the inference that Mr. Adumattah is the owner of the vehicle and Maryland law presumes the driver to be the owner's agent, Plaintiff's proposed amendment is not clearly futile.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to file amended complaint will be granted. A separate Order will follow.

                                              /s/
                              DEBORAH K. CHASANOW
                              United States District Judge